IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOHNNY GRANT                                                                                          PLAINTIFF

v.                                          No. 3:13-cv-231-DPM

CITY OF BLYTHEVILLE, ARKANSAS                                               DEFENDANT

ORDER

Grant's amended motion for default judgment, № 7, is denied. At the outset, the Court notes that service on the City of Blytheville was proper. Service on a municipal corporation may be made in a manner prescribed by state law. FED. R. CIV. P. 4(j)(2)(B). And Arkansas law allows service on municipalities by first-class mail with a notice and acknowledgment. ARK. R. CIV. P. 4(d)(8)(B). Grant complied with the Rule. № 7-1 & 7-2.

Applying the *Pioneer* factors and the precedent, and considering all the material circumstances, the Court sets aside the entry of default against the City of Blytheville for good cause. FED. R. CIV. P. 55(c); *Union Pacific Railroad Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 782-83 (8th Cir. 2001). The City's reason for the delay in filing its answer is excusable. The Mayor, and the City employee who reviewed the complaint, mistakenly believed it to be

part of the ongoing investigation about Grant's termination by the EEOC; they didn't realize any action was needed. *№ 15 at 3, 18-21.* It is understandable that the City could mistake the complaint for more EEOC paperwork. *United States ex rel Shaver v. Lucas Western Corp.*, 237 F.3d 932, 933 (8th Cir. 2001). The Court sees no intentional delay or bad faith on the part of the City of Blytheville. Although the City's delay was substantial—more than three months—there was also delay on Grant's part in seeking the default. The Court pointed out to Grant that proof of service was needed. *№ 3.* And as soon as the City was made aware of the lawsuit, it acted quickly to respond. *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Finally, there is no real prejudice to Grant by allowing the case to proceed on its normal course. The Court therefore directs the Clerk to set aside the entry of default, *№ 8.* Grant's motion for leave to file a surreply, *№ 16*, denied as moot.

    So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

   9 June 2014