## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

JOHNNY GRANT                                                    PLAINTIFF

v.                                 No. 3:13-cv-231-DPM

CITY OF BLYTHEVILLE, ARKANSAS                      DEFENDANT

### ORDER

Johnny Grant, an older African American gentleman, worked for the
Blytheville street department for almost thirty years. He worked his way up
to be a driver of a truck that hauled two other workers around to weed-eat
and pick up litter. Being the driver was a position of some prestige. One
member of the crew passed away, and the other quit. Marvin Crawford, the
director of the Blytheville Public Works department, then called Grant in for
a conversation. According to Grant, it went this way:

> [Crawford] told me that I wouldn't be driving the truck no
> more. I said "Well that ain't no problem. I mean, you're the
> boss, that ain't no problem." And he said, "Well, what you
> gonna do?" And he said, "What you gonna do, quit?" I told him,
> "No, no, I'm not gonna quit." And he said, "You ain't gonna
> quit? Well, you're fired, then." And I said, "Well, okay."

№ 33-1 at 7. According to Crawford, and others present, Grant refused to
work on the truck unless he could drive it. № 33-2 at 17-19; № 33-5 at 10; №
33-3 at 9. Mr. Crawford testified:

CRAWFORD:     [A supervisor] came back to me and told me that Johnny said he wasn't going to do it.

COUNSEL:       Wasn't going to do what?

CRAWFORD:     Let the new man drive the vehicle. . .. I walked up there and I asked Johnny, I said "Johnny," I said, "what do you mean, you're not going to do it?" He says, "I ain't gonna do it." I said, "Well, Johnny," I said, "what do you want to do?  Are you gonna retire?" He said, "Nope, not going to retire." I said, "well, Johnny," I said, "if you don't do what I ask, then I've got no use for you." He said, "well." I said, "The only thing I know to do is just go up and see Ms. Andrews."

№ 33-2 at 18.

Under Arkansas law, Grant was an employee at will.  That doctrine casts a shadow over his whole case.  For example, Grant's Fourteenth Amendment claim fails as a matter of law because he didn't have any protected property interest in his job. *Thompson v. Adams*, 268 F.3d 609, 611-13 (8th Cir. 2001).  Blytheville could fire him at any time for a good reason, bad reason, or no reason at all, so long as no impermissible factor— such as race or age—motivated the City's decision.  *Ball v. Arkansas Department of Community Punishment*, 340 Ark. 424, 430, 10 S.W.3d 873, 877 (2000). Grant has also made those kinds of claims, arguing that his African-American race, and

his being 59 years old, prompted Crawford's decision. Grant has made a *prima facie* case of discrimination. His job performance was excellent; he is a member of both these protected groups; and he has provided some facts that raise an inference of discrimination based on race and age. The question is whether Grant has presented sufficient evidence that Blytheville's reason for firing him—insubordination—was a pretext for discrimination. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011).

The Court is not persuaded by Grant's argument that Blytheville's reason for firing him is unworthy of being credited because it has no basis in the facts. As Grant points out, Roy Simmons and Sylvia Campbell both heard Grant say that he wasn't going to quit. № 33-5 at 7; № 33-3 at 9. But each of them also heard Grant refuse to work on the truck if he couldn't be the driver. № 33-5 at 7-8; № 33-3 at 8-9. Crawford's insubordination rationale therefore had a factual basis. *Muor v. U.S. Bank National Association*, 716 F.3d 1072, 1076–77 (8th Cir. 2013); *Torgerson*, 643 F.3d at 1051.

Grant's race discrimination claim fails for lack of a sufficient comparator. At the pretext stage, the test for determining whether employees are similarly situated is rigorous. *Johnson v. Securitas Security Services USA,*

-3-

*Inc.*, 769 F.3d 605, 613 (8th Cir. 2014), *cert. denied*, 2015 WL 504942 ( 30 March 2015). Grant must show that he and at least one other employee outside of his protected class "were similarly situated in all relevant respects." *Ibid.* They must have dealt with the same supervisor, been subject to the same standards, and engaged in misconduct of comparable seriousness without any mitigating or distinguishing circumstances. *Ibid.*; *see also Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1085 (8th Cir. 2013). Grant has offered no valid comparator.

Both blacks and whites in the sanitation department had been fired under Crawford's supervision. One of these individuals was a white truck-driver. And Grant has provided no evidence that another employee of a different race failed to follow an order about a work assignment, but received more lenient discipline. Importantly, Grant's intended replacement as a driver, Steven Walker, is also black. Grant's reliance on Crawford's handling of a co-worker's racial slurs on the job doesn't save this claim. Simmons testified that he told Crawford about the racial remarks twice and Crawford fired the employee thereafter. Although Crawford's having fired four blacks and only two whites indicates some disparity, there were more black workers in the street department than white workers.

-4-

On his age discrimination claim, Grant must present evidence that "creates a fact issue as to whether the defendant's proffered reasons are pretextual" and raises "a reasonable inference that age was a determinative factor in the adverse employment decision." *Tusing v. Des Moines Independent Community School District*, 639 F.3d 507, 516 (8th Cir. 2011) (internal quotations omitted). But Grant hasn't shown that any similarly situated younger employee received more favorable treatment. *Johnson*, 769 F.3d at 613. Grant's intended replacement was younger than him. But age alone is not dispositive. There's no evidence that his replacement was insubordinate or engaged in similar misconduct. There's no evidence — for example, unfair discipline or derogatory remarks — that Crawford had it in for older workers.

There are situations where an age claim is for the jury because of evidence that some other factor was a proxy for age. For instance, an employer's considering an employee's medicare or retirement eligibility might allow a reasonable inference of age discrimination. *Hilde v. City of Eveleth*, 777 F.3d 998, 1006 (8th Cir. 2015). Grant made about $ 9.00/hour based on his many years of good work. His salary was thus higher than many of his co-workers. But Grant has no evidence tending to show that

Crawford considered the salary as a proxy for age. *Erickson v. Farmland Indus., Inc.*, 271 F.3d 718, 725 (8th Cir. 2001). Grant's testimony that Crawford didn't like it that Grant had a higher salary doesn't create an inference of age discrimination. *Hanebrink v. Brown Shoe Co.*, 110 F.3d 644, 647 (8th Cir. 1997). The only reasonable inference is that Blytheville may have fired Grant partly to save some money. If true, this was unfair but not forbidden by the ADEA. That statute requires evidence that age was the determinative factor in the firing decision. *Tusing*, 639 F.3d at 516.

Though Grant doesn't argue the point, the Court acknowledges Crawford's testimony on deposition that, during the firing meeting, Crawford referred to the new driver as "the young man" and asked Grant if he was retiring. These passing references, in context, do not show age-based animus. Referring to a worker as young, without more, is innocent. *Sims v. Chezik/Sayers Iowa, Inc.*, 361 F. Supp. 2d 926, 933 (S.D. Iowa 2005). And Crawford asked about retirement only in response to what he says was Grant's refusal to work. The only reasonable inference is that Crawford was seeking an explanation, not nudging Grant toward retirement based on his age. *Montgomery v. John Deere & Co.*, 169 F.3d 556, 560 (8th Cir. 1999).

Moreover, Grant didn't testify that Crawford asked him about retirement; he testified that Crawford asked him if he was going to "quit."  № 33-1 at 7.

To support both of his discrimination claims, Grant focuses on the street department's demographics.  Statistics, though, must evaluate comparable employees to be meaningful indicators of pretext.  *Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948, 958 (8th Cir. 2001).  The numbers here simply do not create a dispute of material fact because there's no indication that any of the other employees were subject to the same circumstances as Grant.  There's no evidence of a demonstrated pattern of preferring for younger workers.  In fact, half of the employees hired under Crawford's supervision were more than 40 years old.  № 38-11 at 1-3.  And the affidavits from two former employees are nothing more than generalized statements about Crawford's treatment of older black employees. This is insufficient.  *Burkett v. Glickman*, 327 F.3d 658, 661 (8th Cir. 2003).   Grant's failure to present any details — particular incidents of race and age animus — is fatal to his claims.

Finally, no substantial change in the reason for firing Grant occurred. Neither Crawford nor Andrews offered two completely different reasons for Grant's firing.  *E.E.O.C. v. Trans States Airlines, Inc.*, 462 F.3d 987, 995 (8th Cir.

-7-

2006). Blytheville has been consistent: Grant was insubordinate to Crawford when the driving responsibilities were eliminated. The fact that Andrews didn't witness the conversation but wrote a statement describing the event doesn't affect the reason given for Grant's termination and certainly doesn't create any inconsistency.

Grant's motion for leave to file a surreply, № 44, is denied. The Court has taken the record in the light most favorable to Grant, giving him all reasonable inferences. There's just insufficient evidence to support a verdict that discrimination based on his age or his race prompted his firing. As an employee at will, Grant may have been treated unfairly. But that doesn't mean he was discriminated against.

\* \* \*

Blytheville's motion for summary judgment, № 31, is granted. Blytheville's motion in limine, № 42, is denied as moot. Grant's motion to file a surreply, № 44, is denied.

So Ordered.

_DPMarshall f._

D.P. Marshall Jr.
United States District Judge

7 May 2015

-8-